Shatjck, J.
The indemnifying bond executed to McCurdy by McGillin & Company with the American Surety Company as surety was in no sense substituted for the bond given in the action of replevin. By executing it the firm of McGillin & Company incurred no obligation additional to that already incurred as plaintiffs in that action and principal obli *491 gors in the replevin bond. The indemnifying bond did not contemplate the payment of the damages that might result from the taking of the property, except as the discharge of. that primary obligation of McGillin & Company was suggested as the natural mode by which McCurdy should be saved from his contingent liability as surety. It was, in legal effect, wholly independent of the action of replevin, the bond given in that action being referred to for the sole purpose of identifying the liability against which McCurdy was to be indemnified. Although the amount of the indemnifying bond equals that of the replevin bond it does not exceed the conditional liability of McCurdy. The indemnifying bond is in a sum payable to him without terms indicative of an intention to benefit either the obligees or the other sureties in the replevin bond. The motive for its execution is expressly statd to be McCurdy’s desire that he should be indemnified. The surety company, being a stranger to the action in replevin by which 'McGillin & Company wrongfully took the property which was the subject of the action, is bound no further than it has agreed to be bound, and the obligation defined by the terms of its contract is fully discharged by the indemnification of McCurdy. There is, therefore, no foundation for the judgment against the surety company
It is not less evident that the terms of the indemnifying bond afford no foundation for the judgment against McCurdy. While the bond was for his indemnity only, it was for his full indemnity, and his right thereto is denied by the judgment against him, or a liability must be asserted against the surety company beyond the stipulations of its contract. If, as is the case of the surety company, McCurdy’s relations to the transaction were those only which are *492 defined by the indemnity bond this would be an end to the inquiry.' But he is one of five sureties on the replevin bond, and it is insisted that out of that relation there arose an obligation to his co-sureties which, upon the facts found, is a full justification for the judgment against him. The doctrine invoked is tha't one of several sureties -who receives an indemnity froin the property of the principal is deemed to hold it for the equal benefit of all the sureties. It is true that this doctrine does not depend upon express contract. It is the creature of equity to be applied Avhen, and only Avhen, its application is justified by the equitable considerations Avhich gave rise to it. It is said to be applicable in this case because, although the indemnity came from the surety company, a stranger to the replevin bond, and in the discharge of the obligation which Avas imposed upon it by the indemnity bond, the premium Avas paid by the principal in the replevin bond. Assuming that McCurdy is amenable to the rule invoked notwithstanding his refusal to execute the replevin bond until indemnified, the field of necessary inquiry is bounded by tAvo familiar rules. On the one hand, a surety deriving indemnity from, the property of the principal obligor is charged with respect to it as trustee for his co-sureties; and, upon the other, a surety may obtain indemnity from a stranger to the obligation and retain it for his sole protection. In vieAv of its peculiar facts it cannot be said that this ease is clearly comprehended Avithin either of those familiar rules; and in the absence of definite authority Asm are obliged to resort to a consideration of the reasons upon which those equitable rules are founded. The case does not permit us to présume either that McCurdy demanded this indemnity for the benefit of the obligees or of his co-sureties *493 in the replevin bond, or that liis co-sureties consented to Ms obtaining indemnity for bis sole benefit. Tbe surety Avho receives indefimity ffom tbe property of tbe principál is treated as a trustee for bis co-sureties either because of tbe presumption that be obtained it for tbe equal benefit of all, or because tbe diminution of tbe property of the principal, and tbe consequent diminution of bis ability to discharge bis primary obligation, Avould operate as a fraud upon the co-sureties if tbe special indemnity is obtained without their consent. On tbe other band tbe surety who obtains special indemnity from a stranger to the obligation is not charged as a trustee for bis co-sureties because no injui*y is done them, tbe ability of tbe principal to discharge bis primary obligation not being diminished. Tbe right of a surety to procure indemnity for bis sole benefit is, therefore, restricted only by tbe requirement that it must not be obtained to tbe prejudice of bis co-sureties. Counsel for tbe defendants in error quote numerous comprehensive statements of tbe doctrine Avhich bolds an indemnified surety to be a trustee for bis co-sureties, but if limited to tbe facts considered they are all consistent Avith this vícav. Tbe character of tbe transaction is determined by its substance and not by a mere incident. Leggett v. McClelland, 39 Ohio St., 624. There is nothing of substance in the transaction here ■considered except that in consideration of the premium y>aid to it and by a contract AAdiose force is Avholly expended in defining the liability of one and tbe commensurate rights of tbe other, tbe surety company assumed tbe place of McCurdy with respect to bis liability as surety upon the replevin bond, •the liability of tbe co-sureties being in no way affected except as the ability of McGillin & *494 Company to discharge their primary liability was diminished by the payment of the premium. What appears, therefore, to be the controlling question suggests an inevitable answer.' What possible injury resulted to the co-sureties of McCurdy beyond the amount of the premium paid?
Furthermore, the judgment against McCurdy implies that the surety company is liable to those with whom it entered into no engagement. Remembering that the indemnifying bond is for the full indemnity of McCurdy, it is evident that if he should be required to pay the amount of the judgment against him he would, by the terms of his bond, have a valid demand against the surety company on account of that payment, with the obvious result that by indirection the company would be held bound to indemnify those for whose liability it has neither received a premium nor assumed an obligation.
We have examined Gibson v. Sheehan, 28 L. R. A., 400, which is said to have influenced the opinions of a majority of the judges of the circuit court in the present case. Analysis shows that it applies a general rule to a case which is not comprehended by it because not within its reason. It was evidently supposed to be supported by Hampton v. Phipps, 108 U. S., 260, which is inconsistent with it, holding, as it does, that the general doctrines under consideration are to be applied or rejected according to the dictates of the reasons upon which they rest, and applying those doctrines in that case to the denial of the right of participation. Whether the co-sureties of Mc-Curdy are entitled to maintain an action for their proportion of the premium paid we do not determine. That question is not properly presented, the allega *495 tions of the petition and' the findings of the court in that regard being inconsistent, and counsel omitting the question from the larger view of the case which they have presented.

Judgments of the common pleas and circuit courts reversed and judgments for the surety company and McGurdy.

M’inshald, C. J., Bukket and Davis, JJ., concur.